UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| World Shipping, Inc., | ) | CASE NO. 1:12 CV 3036 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| RMTS, LLC, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants RMTS, LLC and Gerber Life Insurance Company's Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment, Breach of Contract, and Bad Faith (Doc. 5). This is an insurance coverage dispute. For the reasons that follow, the motion should be GRANTED in PART and DENIED in PART. Defendant RMTS, LLC is hereby DISMISSED from this lawsuit. Count one is dismissed, but counts two and three remaining pending against defendant Gerber Life Insurance Company.

**FACTS**

Plaintiff, World Shipping, Inc., filed this lawsuit against defendants, RMTS, LLC ("RMTS") and Gerber Life Insurance Company ("Gerber").

For purposes of ruling on defendants' motion, the facts of the complaint are presumed true.

Plaintiff provides its employees with a health insurance plan. The plan is self-funded,

1

making plaintiff responsible for the costs of the health care incurred by the employees. Plaintiff determined that it did not want to assume the risk for very large claims that might be submitted. As a result, plaintiff decided to pursue "stop loss" coverage. This type of coverage is intended to provide insurance coverage for the health plan once the value of a particular claim or a cumulative number of claims reaches certain values.

Plaintiff purchased stop loss coverage through defendant RMTS. According to the complaint, RMTS acts as a "managing general underwriter of stop loss insurance." It appears that RMTS both arranges for the issuance of the stop loss plan and, afterwards, "becomes responsible for processing claims, making coverage determinations, and paying claims." Plaintiff alleges that RMTS acts on its own behalf and as agent for "the other insurance companies issuing the stop loss policies, in this case Gerber."

Gerber "and RMTS" issued an insurance policy to plaintiff during the contract period of December 1, 2010 to November 20, 2011. During the policy period, plaintiff's agent submitted medical claims on behalf of three plan beneficiaries. The claims totaled approximately $339,000. Although the complaint discloses the initials of each of the three beneficiaries as well as the amount of the each claim, plaintiff does not provide further information regarding the claims, on the grounds that disclosure of the medical information would violate HIPPA. According to the complaint, RMTS knows the identities of the beneficiaries and the nature of the claims themselves. Plaintiff alleges that "RMTS has denied the [claims] for coverage under the Policy on its own behalf and on behalf of Gerber. RMTS's denial of coverage was improper, lacked any legitimate basis and was inconsistent with the obligations of RMTS and Gerber under the Policy."

Thereafter, plaintiff filed this lawsuit asserting three claims for relief. Count one is a claim for declaratory judgment. Count two is a claim for breach of contract and count three is a claim for bad faith. Defendants move to dismiss the lawsuit and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial

> plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

## **ANALYSIS**

1.  Breach of contract (count two)[1]

Defendants move to dismiss count two on the grounds that the complaint does not set forth with sufficient factual detail the nature of the breach of contract. According to defendants, the complaint does not satisfy the pleading requirements set forth in *Iqbal* because it contains only conclusory language. For example, defendants claim that plaintiff does not reference a single page in the contract. In addition, RMTS argues that it must be dismissed because it is not a party to the contract.

In response, plaintiff argues that it sufficiently alleges a claim for breach of contract. According to plaintiff, it points to three beneficiaries and provides initials for these individuals. It further identifies the amount of each claim and alleges that the claims are covered claims that were wrongfully denied. Plaintiff claims that these allegations are sufficient to state a claim for breach of contract. Plaintiff also argues that HIPPA prevents it from providing further information about the claims. According to plaintiff, defendants possess a wealth of information

---

[1] The Court finds it easier to address count one, which seeks a declaratory judgment, after addressing the breach of contract and bad faith claims. This is the order presented by defendants in the motion to dismiss.

4

about the claims. In its brief, plaintiff argues that the claims were appealed and both defendants "refused to change their position." Thus, defendants cannot seriously argue that they are not "on notice" of the nature of the breach of contract claim. Plaintiff also claims that the complaint fairly alleges that RMTS acted "on its own behalf" as well as on behalf of Gerber. Thus, according to plaintiff, the privity requirements are satisfied and plaintiff can proceed with a breach of contract claim against RMTS.

Upon review, the Court finds that the complaint fairly alleges a breach of contract claim against defendant Gerber. Although the complaint does not contain extensive factual allegations, the Court finds that there are sufficient facts alleged such that dismissal is unwarranted. Plaintiff attaches to its complaint a copy of the insurance agreement between itself and defendant Gerber. The agreement provides stop loss coverage for medical expenses incurred by certain individuals, subject to certain conditions and/or limitations. Plaintiff expressly alleges that it submitted claims for coverage for medical expenses incurred for three individuals. Plaintiff provides the initials of these individuals and the total dollar amount of each claim. According to the complaint, defendants refused to pay these claims in violation of the terms of the contract. Based on the allegations, the Court finds that plaintiff sufficiently alleges a breach of contract claim against Gerber.

The Court finds, however, that plaintiff fails to state a claim for breach of contract claim against RMTS. Although plaintiff alleges that "the express terms and provisions of the Policy contractually obligate RMTS and/or Gerber....," a simple review of the contract demonstrates that the only parties to the contract are Gerber and plaintiff. By way of example only, the contract expressly provides as follows:

5

- "Gerber Life Insurance Company...agrees to pay Excess Loss Insurance benefits under the provisions of this Contract....;"

- "This contract is legally binding between [plaintiff] and Gerber Life Insurance Company;"

- "Company" is defined as "Gerber Life Insurance Company;" and

- The Company will pay the Aggregate and Specific Benefits provided in this Contract....

There is no reference to RMTS in the contract. Thus, the express language of the contract demonstrates that the only parties are plaintiff and Gerber. Plaintiff appears to argue that since it alleges that RMTS is Gerber's agent, RMTS can also be held liable for Gerber's breach. However, under Ohio law, "[an] agent who acts for a disclosed principal and who acts within the scope of his authority and in the name of the principal is ordinarily not liable on the contracts he makes." *James G. Smith & Assocs., Inc. v. Everett*, 439 N.E.2d 932, 935 (Oh. Ct. App. 1981); *Hammond v. Citibank*, 2012 WL 4009575 at * 5 (S.D. Ohio Sept. 12, 2012)(same); *Hodell-Natco Indus., Inc. V. SAP America, Inc.*, 2010 WL 6765522 at * 5 (N.D.Ohio Sept. 2, 2010)(dismissal as to agent warranted where contract evidenced that the parties to the agreement were principal and plaintiff). Here, the express terms of the contract reveal that the parties to the policy are Gerber and plaintiff. As such, Gerber was a disclosed principal and RMTS cannot be held liable for breach of contract.

2. Bad faith (count three)

Defendants move to dismiss count three on the grounds that plaintiff fails to plead sufficient facts to support the claim. In addition, RMTS argues that it cannot be liable for bad faith because it is not plaintiff's insurer.

Upon review, the Court finds that a bad faith claim cannot be asserted against RMTS

6

because RMTS is not plaintiff's insurer. Under Ohio law, "an insurer has the duty to act in good faith in the handling and payment of the claims of its insured." *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315, syllabus ¶ 1 (Ohio 1983). This duty arises based "on the relationship between an insurer and its insured." *Id*. at 1315. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, syllabus ¶ 1 (Ohio 1994). The inquiry under this standard is whether "the decision to deny benefits was arbitrary or capricious, and there existed a reasonable justification for the denial," not whether the insurance company's decision to deny benefits was correct. *Rauh Rubber, Inc. v. Berkshire Life Ins. Co.*, 1999 WL 1253062 (6th Cir. Dec. 16, 1999) (citing *Thomas v. Allstate Ins. Co.*, 974 F.2d 706, 711 (6th Cir.1992)); *see also Hart v. Republic Mut. Ins. Co.,* 87 N.E.2d 347, 349 (Ohio 1949).

Here, the Court has already determined that plaintiff fails to properly allege that RMTS is a party to the insurance contract and, therefore, RMTS is not plaintiff's insurer. Plaintiff argues that RMTS is Gerber's agent for purposes of adjusting the claims. Plaintiff also argues that RMTS may be held liable as the managing general underwriter and claims adjudicator. Plaintiff, however, cites no law in support of its contention that underwriters, claims adjudicators, or agents can be liable for bad faith. Rather, because the duty to act in good faith "arises from the insurance contract" and because RMTS is not a party to that contract, the Court finds that plaintiff fails to state a claim for bad faith against RMTS. *See, Wiseman v. Universal Underwriters Ins. Co.*, 2005 WL 1396942 (S.D. Ohio June 13, 2005)("because the insurance agent is not a party to the contract, it is unlikely that an insurance agent can be held liable for bad

7

faith.").

On the other hand, the Court finds that plaintiff sufficiently alleges a bad faith claim against Gerber. As set forth above, plaintiff identifies the insurance claims at issue and alleges that the decision to deny coverage for the claims was arbitrary and capricious. In addition, plaintiff alleges that Gerber refused to process and respond to claims for coverage in a timely fashion. The Court finds that these allegations are sufficient to state a bad faith claim against Gerber.

3. Declaratory judgment (count one)

The request for declaratory judgment seeks a declaration that the insurance claims at issue are covered under the policy and that plaintiff is entitled to reimbursement for those claims. Defendants argue that the claim is duplicative of the breach of contract claim and, therefore, dismissal is warranted. Defendants also claim that plaintiff fails to set forth sufficient facts to state a declaratory judgment claim. In response, plaintiff claims that the facts contained in the complaint sufficiently state a claim and further argue that the breach of contract and declaratory judgment claims are not duplicative.

Federal courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Courts should consider the following factors in exercising discretion:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for *res judicata*';

8

> (4) whether the use of a declaratory judgment action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
> (5) whether there is an alternative remedy that is better or more effective.

*Pakideh v. Ahadi*, 99 F.Supp.2d 805, 808 (E.D. Mich. 2000)(*citing Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

Upon review, the Court declines to hear plaintiff's claim for declaratory judgment. Although factors three and four are not at issue in this case, the Court finds that factors one, two, and five weigh in favor of dismissal. Unlike plaintiff's claim for breach of contract, which would also allow for an award of damages, the declaratory judgment act claim would not settle the controversy. Nor would it serve a purpose more useful than that served by the breach of contract claim. The Court further finds that the breach of contract remedy is an alternative remedy that is both better and more effective in that it may provide plaintiff full and complete relief. Accordingly, the Court finds that dismissal is warranted.

**CONCLUSION**

For the foregoing reasons, Defendants RMTS, LLC and Gerber Life Insurance Company's Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment, Breach of Contract and Bad Faith is GRANTED in PART and DENIED in PART. Defendant RMTS, LLC is hereby DISMISSED from this lawsuit. Count one is dismissed, but counts two and three remains pending against defendant Gerber Life Insurance Company.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 2/22/13    United States District Judge